**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4237**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARION COX,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Chief District Judge. (3:05-cr-00074-ALL)

Submitted: February 15, 2007      Decided: February 20, 2007

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randolph Marshall Lee, LAW OFFICES OF RANDOLPH MARSHALL LEE, Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marion Cox appeals from his conviction for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000). On appeal, he contends that there was insufficient evidence to show that he possessed the firearm in question. We affirm.

We "have defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005), cert. denied, 126 S. Ct. 1925 (2006). We "consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). If the evidence "supports different, reasonable interpretations, the jury decides which interpretation to believe." United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994).

Because Cox stipulated to the other elements of the offense, the only contested issue at trial was whether he possessed the handgun. Possession may be actual, constructive, or joint. United States v. Gallimore, 247 F.3d 134, 136-37 (4th Cir. 2001). "[T]o establish constructive possession, the government must produce evidence showing ownership, dominion or control over the contraband itself or the premises or vehicle in which the

contraband is concealed." United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992). In addition, while a conviction cannot rest entirely on an uncorroborated extrajudicial confession, the extrinsic corroborating proof need only tend to show the trustworthiness of the confession. See United States v. Norman, 415 F.3d 466, 470-71 (5th Cir. 2005) (holding that, once the confession is sufficiently corroborated, the confession as a whole is admissible, and some elements of the offense may be proven entirely on the basis of the confession), cert. denied, 126 S. Ct. 1087 (2006).

Here, viewing the evidence in the light most favorable to the Government, the trial testimony showed that Officer Mozingo, responding to a call involving a firearm, arrived at 1121 Pamlico Street in Mecklenburg County. He was waved down by Steve Mason and Cox was standing on the porch. Officer Mozingo asked Cox to come down from the porch and wait by the Officer's car, which he did. Officer Mozingo then recovered from the porch a firearm in an unzipped bag within arm's reach of where Cox had been standing. After Officer Mozingo recovered the firearm, Cox fled the scene. When he was arrested, he apologized for pointing a gun at Mason.

We find that the Government presented sufficient evidence to support the trustworthiness of Cox's admission to the police and that sufficient evidence supported Cox's conviction. Thus, we affirm. We dispense with oral argument, because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED